Joseph J. HIEGEL, Appellant,

v.

Steve HILL & Marvin Owen, Appellees.

Joseph J. HIEGEL, Appellant,

v.

CITY OF HOT SPRINGS, ARKANSAS By and Through the CIVIL SERVICE COMMISSION OF the CITY OF HOT SPRINGS, ARKANSAS, Appellee.

Nos. 84–1814, 84–2045.

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1985.

Decided Aug. 19, 1985.

Edward Tarvin, Little Rock, Ark., for appellant.

Michael Rainwater, Little Rock, Ark., for appellees.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and SACHS, District Judge.*

---

* The HONORABLE HOWARD F. SACHS, United States District Judge for the Western District of

BOWMAN, Circuit Judge.

Joseph J. Hiegel brought this action under 42 U.S.C. §§ 1983, 1985. Defendants are a police officer, the Chief of Police, and the city of Hot Springs, Arkansas. Following a non-jury trial, the District Court entered judgment dismissing Hiegel's complaint and awarded costs against Hiegel. We affirm the judgment of the District Court with respect to the merits of this case, but we reverse the award of costs and remand this case for a new determination of costs.

## I.

■ Hiegel and a companion were arrested by Hot Springs Police Officer Steve Hill on July 22, 1982; Hiegel was charged with driving while intoxicated, his companion was charged with public intoxication. There is no dispute that while in police custody, Hiegel sustained serious neurological injury when he was struck with a flashlight by Officer Hill. There is, however, conflicting evidence as to the circumstances of this incident. The District Court heard the evidence, made factual findings, and concluded that Hiegel's claims should be dismissed.

We have carefully reviewed the record. We find that the District Court's judgment as to the merits of this case is based on findings of fact that are not clearly erroneous, and that no error of law appears. We therefore affirm that judgment. *See* 8th Cir.R. 14.

## II.

Under Rule 54(d) of the Federal Rules of Civil Procedure, a district court has considerable discretion to award costs in favor of a prevailing party. But, the discretion "to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85

Missouri, sitting by designation.

S.Ct. 411, 416, 13 L.Ed.2d 248 (1964). Upon review, "a district court's taxation of costs may be set aside only upon a finding of abuse of discretion." *United States Marshals Service v. Means,* 741 F.2d 1053, 1057–58 (8th Cir.1984) (*en banc*).

Defendants' motion for costs in this case sought reimbursement of: (1) expenditures for a transcript and court reporter services in connection with depositions; (2) expenditures for travel and subsistence in connection with defense counsel's attending two depositions and the trial; (3) expert witness fees; and (4) expenditures for travel and subsistence in connection with the appearance at trial of defendants' expert witness. Many of these items are beyond those expressly provided for in the applicable statutes. *See* 28 U.S.C. §§ 1821, 1920. The District Court summarily stated that it had considered defendants' motion, plaintiff's objection thereto, and the case record as a whole and that, in its opinion, all of the expenses claimed by defendants were "reasonable and necessary expenses of the litigation." Thus, the court ordered the entire amount claimed by defendants taxed as costs against plaintiff.

"The rule traditionally followed by federal courts is that [expert witness] fees cannot be recovered as costs beyond the statutory allowances for attendance, mileage and subsistence provided in 28 U.S.C. § 1821." *Paschall v. The Kansas City Star Company,* 695 F.2d 322, 338 (8th Cir. 1982), *vacated and rev'd en banc on other grounds,* 727 F.2d 692 (8th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 222, 83 L.Ed.2d 152 (1984). This Court, however, has determined that expert witness fees may be recovered as costs under Rule 54(d) "when the expert's testimony was crucial to the issues decided." *Nemmers v. City of Dubuque,* 764 F.2d 502, 506 (8th Cir. 1985); *Coleman v. City of Omaha,* 714 F.2d 804, 809 (8th Cir.1983). And recently, the Court approved as the method for awarding such costs the approach of the Third Circuit: " 'A district court should ... carefully scrutinize the prevailing party's bill of costs in order to assure that any award will compensate those expenditures

necessary to the litigation.' " *Nemmers,* 764 F.2d at 506 (quoting *Roberts v. S.S. Kyriakoula D. Lemos,* 651 F.2d 201, 206 (3rd Cir.1981)).

■ The order of the District Court awarding costs in this case does not contain any indication that the court carefully scrutinized defendants' bill of costs or that it found the expert testimony for which plaintiff now is being charged to be "crucial to the issues decided." *Cf. Nemmers,* 764 F.2d 502 (district court's costs award including $11,901 in expert witness fees affirmed where court had determined that the expert's testimony was indispensible as crucial to the issue decided). Under these circumstances, we hold that it is an abuse of discretion to tax as costs expenditures for expert witnesses in excess of the statutory allowances of 28 U.S.C. § 1821. The District Court should not have summarily awarded as costs amounts for expert witness fees and travel and subsistence expenses incurred in bringing defendants' expert witness to the trial.

■ We also are troubled by the District Court's summary treatment of defendants' claims for attorney's travel and subsistence expenses. The Seventh Circuit has specifically held that such expenses are not recoverable as costs. *See Wahl v. Carrier Manufacturing Co.,* 511 F.2d 209, 217 (7th Cir.1975). While we are not prepared at this juncture to bar in all cases the recovery as costs of an attorney's travel and subsistence expenses, we do not think such an award should be made cavalierly. As we have noted, *supra,* costs above those allowed by statute should be awarded only sparingly. Where costs exceeding those authorized by statute are to be awarded, a district court should set forth the particular circumstances of the case which justify such an award, especially when an unsuccessful civil rights plaintiff is to be taxed such costs following the trial of a non-frivolous claim.

### III.

With respect to the merits of this case, the judgment of the District Court is af-

firmed. The District Court's award of costs is vacated and the case is remanded for a new determination of costs.

SACHS, District Judge, concurring.

The surviving portion of the panel opinion in *Paschall v. The Kansas City Star Company*, 695 F.2d 322, 338 (8th Cir.1982), endorses a trend toward more frequent allowance of expert witness fees as costs. The decision here and others cited by the court suggest there may be some reversal in the trend, and some movement toward Judge Henley's dissenting position on costs in *Paschall*. I find it unnecessary to deal with the *Paschall* ruling itself. As a trial judge I have not considered that the *Paschall* cost-assessment rule applies regardless of which party prevails, nor have I supposed that the majority opinion in *Paschall* was intended to expose unsuccessful plaintiffs to all of the financial burdens imposed on losing defendants.

On remand to me of *Paschall*, counsel for the ultimately prevailing defendant have apparently not sought to recover expert witness fees. Total costs were taxed, by stipulation, in the amount of $41,194.89, as contrasted with the expert witness fees alone of $312,932.28 allowed to plaintiffs when they were the prevailing parties.

Presumptive ability to pay is doubtless one of the factors causing different standards to be applied to plaintiffs and defendants in assessing attorneys fees as costs in civil rights litigation. Compare *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 423 n. 20, 98 S.Ct. 694, 701 n. 20, 54 L.Ed.2d 648 (1978) (finding insufficient "equities" to deny the EEOC the normal favored treatment enjoyed by prevailing plaintiffs). While acknowledging that even-handedness has much intrinsic appeal and simplifies the exercise of discretion, I believe the chilling effect on litigation rights is excessive when defendants' expert witness fees are frequently assessed against plaintiffs. I therefore believe the trial judge in this case should not have applied the *Paschall* cost-assessment rule in a case in which defendants prevailed.

I join the opinion on the merits and concur in the result as to the assessment of costs.